JAMES T. SMITH v. J. O. BENTON.

No. 399.

1. APPELLATE JURISDICTION—*Amount in Controversy.* In an action of forcible entry and detainer, where the only evidence of the amount or value in controversy is that the property was leased from April 17 to November 1, 1890, for $105, and the action was brought on May 10, 1890, to recover the possession thereof for the unexpired portion of said lease, *held,* that it does not affirmatively appear that the amount or value in controversy exceeds $100.

2. ———— ———— *Extrinsic Evidence Conflicting —No Affirmative Showing.* Where the value of the matter in controversy is attempted to be established by outside evidence, and several witnesses swear that such value is more than $100, and other witnesses swear that it is less than $100, we cannot say that it affirmatively appears that the matter in controversy exceeds the value of $100.

3. ———— *Of Court of Appeals—Limit Fixed by Statute.* Section 9, chapter 96, Laws of 1895, limits the jurisdiction of this court to review such cases to actions involving more than $100 in amount or value.

Error from Pottawatomie district court; WILLIAM THOMSON, judge. Opinion filed January 27, 1898. Dismissed.

*Hayden & Hayden,* for plaintiff in error.

*Smith & Badgley,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : This case is before us at this time upon a motion to dismiss the proceedings in error for the reason that it does not appear that the amount or value in controversy exceeds $100.

This action was brought by the plaintiff in error in the court below to recover the possession of certain real estate claimed to have been unlawfully withheld from him. The amount in controversy is the value

Smith v. Benton.

of the possession of said real estate during the period claimed.

The lease under which the plaintiff claimed was made on April 17, 1890, and covered the time from its date to November 1, 1890, for the rent for which period plaintiff gave a note for $105. The bill of particulars in this case was filed in the justice's office on May 10, 1890, and the amount in controversy cannot be more than the value of the rent from May 10 to November 1, a period of 174 days. This would amount to considerably less than $100, at the rate shown by the lease for the whole period. It does not affirmatively appear from the record that the amount or value in controversy exceeds $100.

After this case was submitted on the motion to dismiss, but before the decision thereon, the respective parties hereto, by leave of court, filed affidavits as to the value of the matter in controversy. The plaintiff in error filed the affidavits of several persons — including himself — to the effect that the value thereof was more than $100, and the defendant in error filed the affidavits of other persons, stating that the value thereof was less than $100. None of the affiants gave any reason for their opinion, and the affidavits were merely the expression of the opinions of the respective witnesses. From this evidence, it is impossible for us to say that the amount or value in controversy affirmatively appears to be more than $100.

Plaintiff in error asks the question, Is it necessary in this case that the amount or value in controversy should exceed $100 in order to give this court appellate jurisdiction? and makes an ingenious argument to show that this question should be answered in the negative. Section 9, chapter 96, Laws of 1895, after eliminating the portions that do not bear upon this

question, can be read as follows : " Said courts of appeals, within their respective divisions, . . . shall also have exclusive appellate jurisdiction . . . in all proceedings in error, as now allowed by law, taken from orders and decisions of the district and other courts of record, or the judge thereof, . . . and from all final orders and judgments of such courts, . . . where the amount or value does not exceed $2000, exclusive of interest and costs" ; and the question is, Does the phrase "as now allowed by law" extend down to and limit the words, "and from all final orders and judgments of such courts "? We think it does. The punctuation of the statute is in harmony with this construction, the courts have so construed it, and such was the evident intent of the legislature.

The motion will be sustained, and these proceedings in error will be dismissed at the costs of the plaintiff in error.